# EXHIBIT D

# EXHIBIT 2 TO AGREED ORDER / EXHIBIT D TO MOTION

# RELEASE AND AFFIRMATION

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and pursuant to the terms and conditions of that certain Agreed Order (A) Establishing Bidding Procedures In Connection With Sale Of Certain Real Property Of The Debtor, (B) Approving The Form and Manner of Notices, (C) Setting A Final Hearing, (D) Approving Compromise With River City Investors, LLC, and (E) Granting Related Relief (the "**Agreed Order**"), executed by 800 South Wells Phase II, LLC ("**Debtor**") and River City Investors, LLC ("**RCI**"), and entered on _____, 2014, by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the Chapter 11 bankruptcy case of the Debtor known as case no. 13-36880; the undersigned Debtor, 800 South Wells Phase I, LLC ("**Phase I**"); River City Holdings, LLC ("**RCH**"); River City Residences, LLC ("**RCR**"); River City Marina, LLC ("**RCM**"); AIGL Development Company ("**AIGL**"); The Acquest Group, LLC ("**Acquest**"), Home by Invsco, Inc. ("**Home**"), Nicholas S. Gouletas ("**NSG**") and Natel Matschulat Gouletas ("**NMG**", and collectively with the Debtor, Phase I, RCH, RCR, RCM, AIGL, Acquest, Home, NSG and NMG, the "**Invsco Entities**") agree as follows:

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreed Order.

2. Each of the Invsco Entities, for itself and on behalf of each of its respective employees, officers, directors, agents, servants, attorneys, trustees, members, managers, heirs, successors, and assigns, and any other party acting or purporting to act on its behalf (hereinafter, collectively and individually, the "**Invsco Parties**"), do hereby unconditionally, unequivocally, and irrevocably remise, release and forever discharge RCI, RC Mortgage Holdings, LLC ("**RC Mortgage**"), and each of their respective employees, officers, directors, agents, servants, attorneys, trustees, members, managers, heirs, successors, and assigns (collectively and individually, the "**Lender Parties**"), from all claims, debts, demands, actions, causes of action, suits, accounts, promises, doings, omissions, covenants, contracts, agreements, warranties, bonds, bills, specialties, controversies, variances, trespasses, judgments, executions, expenses, costs and liabilities whatsoever, known and unknown, of every name and nature, in law and in equity, which the Invsco Parties now have, or may have, or which the Invsco Parties ever had, from the beginning of the world through this date against the Lender Parties (the "**Claims**") that arise out of, relate to, or are in connection with (the Claims arising out of, relating to, or in connection with the following shall be referred to herein as the "**Invsco Claims**") (i) that certain promissory note (the "**RCI Note**") dated March 22, 2001 executed by each of Phase I, the Debtor, RCH, RCR, and RCM (the "**Obligors**") in favor of RCI in the original principal amount of $2,000,000, any other document executed in connection with the RCI Note including, the RCI Settlement Documents (as defined in the Motion) and each of those documents attached to the RCI Proof of Claim (as defined in the Motion, and collectively, with the RCI Note and the RCI Settlement Documents, the "**RCI Loan Documents**"), (ii) the Property, (iii) the Debtor, and/or (iv) chapter 5 of title 11 of the United States Code; provided however, nothing contained herein shall be deemed or construed to be a release, waiver or discharge of, or impair, limit or modify

1

the terms and conditions of the Agreed Order. The RCI Settlement Documents are deemed void as of the date of execution of this release.

3. Each of the undersigned understand and agree that the foregoing release is to resolve any and all disputes that they may assert with respect to the Invsco Claims and that no such party will receive any further consideration for such release, and agree not to assert or prosecute any further claims or lawsuits against any party included within Lender Parties, whether specifically named or identified, with respect to any matter covered by Section 2 above. Any and all claims intended to be released as provided above against any party included within the term Lender Parties, and not specifically named or identified, are hereby assigned in full to such party hereby intended to be released.

4. In the event that a Foreclosure Conveyance Alternative is selected by RCI pursuant to the terms of the Agreed Order, and solely for purposes of such Foreclosure Conveyance Alternative proceeding, each of the Invsco Entities hereby covenants, represents, and warrants to RCI, with the intent and understanding that RCI is expressly relying thereon as a material inducement to enter into the Agreed Order and that without the inclusion of this Section 4, RCI would not have entered into the Agreed Order:

   a. The amount reflected in the RCI Proof of Claim (the "**Indebtedness**") is in default and immediately due and payable in full without further demand;

   b. The terms of the RCI Loan Documents including, but not limited to, the Obligors' respective obligations and liabilities under the RCI Loan Documents and the validity and priority of the liens and security interests created thereby, are hereby affirmed and ratified, and it is acknowledged and agreed that the same are in full force and effect and are unconditionally binding and enforceable against the Obligors, and each of them, as the case may be, in accordance with their respective terms;

   c. None of the Invsco Entities possess any claims, defenses, offsets, recoupments or counterclaims of any kind or nature against the enforcement or validity of the RCI Loan Documents, or any of the obligations set forth therein, including, but not limited to, the immediate collection of the Indebtedness and the foreclosure of the Property pursuant to the Foreclosure Conveyance Alternative (collectively, the **"Claims"**), nor do any of the Invsco Entities now have knowledge of any facts that would give rise to any Claims affecting, modifying or limiting the enforceability of same. In the event there now exists facts that would give rise to any Claims against or with respect to the enforcement of the RCI Loan Documents, and/or the Indebtedness, the Invsco Entities, and each of them, do hereby unconditionally, irrevocably and unequivocally waive and fully release any and all such Claims to the same extent as if such Claims were the subject of a lawsuit, adjudicated to a conclusion in favor of the RCI and dismissed therein with prejudice;

   d. RCI has a first priority and superior security interest, which is validly perfected against the Property;

  e. The Obligors are unconditionally liable for all of the Indebtedness under the applicable Loan Documents and do hereby ratify and affirm all of such Indebtedness;

  f. Each of the Invsco Entities has full power and organizational authority to enter into, execute, deliver and perform this Release and Affirmation and to consummate the transactions contemplated herein; all necessary governance action has been taken in order to authorize the execution hereof by each of said parties and the consummation of the transactions contemplated herein; and upon execution and delivery, this Agreement will be a valid, binding and enforceable obligation of each of said parties.  Each of the Invsco Entities, with the advice of counsel, has of its own free will and volition, knowingly and voluntarily assented to become a party to this Release and Affirmation. This Release and Affirmation have been, and will be duly executed and delivered by duly authorized representatives of each of said party; and

  g. The Invsco Entities have not assigned, transferred or otherwise conveyed to any person or entity any of the rights, title, Claims, Invsco Claims, or interests being transferred, released and/or settled by any of them herein or otherwise being dealt with in this Release and Affirmation.

  5.  This Release and Affirmation may be executed in any number of counterparts, each of which shall be deemed an original, and all of which, together, shall constitute one and the same instrument.  An electronically or facsimiled transmitted signature shall be treated as an original for all purposes.

  6.  This Release and Affirmation shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Illinois.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

IN WITNESS WHEREOF, the undersigned have executed this Release and Affirmation as of the ___ day of _____, 2014.

**INVSCO ENTITES:**

**800 SOUTH WELLS PHASE II, LLC**,

_____

By: Nicholas S. Gouletas
Its: Sole Member

**THE ACQUEST GROUP, LLC**,

_____

By: Nicholas S. Gouletas
Its: Manager

**RIVER CITY HOLDINGS, LLC**

_____

By: _____

Its: _____

**RIVER CITY RESIDENCES, LLC**

_____

By: _____

Its: _____

**800 SOUTH WELLS PHASE I, LLC**,   `

_____

By: _____

Its: _____

**RIVER CITY MARINA, LLC**

_____

By: _____

Its: _____

**AIGL DEVELOPMENT COMPANY**

_____

By: _____

Its: _____

**HOME BY INVSCO, INC.**

_____

By: _____

Its: _____

**NICHOLAS S. GOULETAS**

_____

**NATEL MATSCHULAT GOULETAS**

_____