# EXHIBIT E

## EXHIBIT 3 TO AGREED ORDER / EXHIBIT E TO MOTION

## RELEASE

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and pursuant to the terms and conditions of that certain Agreed Order (A) Establishing Bidding Procedures In Connection With Sale Of Certain Real Property Of The Debtor, (B) Approving The Form and Manner of Notices, (C) Setting A Final Hearing, (D) Approving Compromise With River City Investors, LLC, and (E) Granting Related Relief (the "**Agreed Order**"), executed by 800 South Wells Phase II, LLC ("**Debtor**") and River City Investors, LLC ("**RCI**"), and entered on _____, 2014, by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the Chapter 11 bankruptcy case of the Debtor known as case no. 13-36880; the undersigned, RCI and RC Mortgage Holdings, LLC ("**RC Mortgage**"), agrees as follows:

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreed Order.

2. Each of RCI and RC Mortgage for itself and on behalf of its respective employees, officers, directors, agents, servants, attorneys, trustees, members, managers, heirs, successors, and assigns, and any other party acting or purporting to act on its behalf (hereinafter, collectively and individually, the "**Lender Parties**"), do hereby unconditionally, unequivocally, and irrevocably remise, release and forever discharge the Debtor, 800 South Wells Phase I, LLC ("**Phase I**"); River City Holdings, LLC ("**RCH**"); River City Residences, LLC ("**RCR**"); River City Marina, LLC ("**RCM**"); AIGL Development Company ("**AIGL**"); The Acquest Group, LLC ("**Acquest**"); Home by Invsco, Inc. ("**Home**"); Nicholas S. Gouletas ("**NSG**"); and Natel Matschulat Gouletas ("**NMG**", and collectively with the Debtor, Phase I, RCH, RCR, RCM, AIGL, Acquest, Home, NSG and NMG, the "**Invsco Entities**") and each of their respective employees, officers, directors, agents, servants, attorneys, trustees, members, managers, heirs, successors, and assigns (collectively and individually, "**Invsco Parties**"), from all claims, debts, demands, actions, causes of action, suits, accounts, promises, doings, omissions, covenants, contracts, agreements, warranties, bonds, bills, specialties, controversies, variances, trespasses, judgments, executions, expenses, costs and liabilities whatsoever, known and unknown, of every name and nature, in law and in equity, which the Lender Parties now have, or may have, or which the Lender Parties ever had, from the beginning of the world through this date against the Invsco Parties (the "**Claims**") that arise out of, relate to, or are in connection with (the Claims arising out of, relating to, or in connection with the following shall be referred to herein as the the "**Lender Claims**") (i) that certain promissory note (the "**RCI Note**") dated March 22, 2001 executed by each of Phase I, the Debtor, RCH, RCR, and RCM (the "**Obligors**") in favor of RCI in the original principal amount of $2,000,000, and any other document executed in connection with the RCI Note including, the RCI Settlement Documents (as defined in the Motion) and each of those documents attached to the RCI Proof of Claim (as defined in the Motion, and collectively, with the RCI Note and the RCI Settlement Documents, the "**RCI Loan Documents**"), (ii) the Debtor, and/or (iii) the Property; provided however, nothing contained herein shall be deemed or construed to be a release, waiver or discharge of, or impair, limit or modify the terms and conditions of the Agreed Order. The RCI Settlement Documents are deemed void as of the date of execution of this release.

3. Each of the undersigned understand and agree that the foregoing release is to resolve any and all disputes that they may have with respect to the Lender Claims and that no such party will receive any further consideration for such release except as set forth in the Agreed Order, and agree not to assert or prosecute any further claims or lawsuits against any party included within Invsco Parties, whether specifically named or identified, with respect to any matter covered by Section 2 above. Any and all claims intended to be released as provided above against any party included within the term Invsco Parties, and not specifically named or identified, are hereby assigned in full to such party hereby intended to be released.

4. Notwithstanding any other provision herein, this Release shall not be effective or enforceable unless and until the Release Effective Event has occurred.

5. This Release may be executed in any number of counterparts, each of which shall be deemed an original, and all of which, together, shall constitute one and the same instrument. An electronically or facsimiled transmitted signature shall be treated as an original for all purposes.

6. This Release shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Illinois.

IN WITNESS WHEREOF, the undersigned have executed this Release as of the ___ day of _____, 2014.

**RIVER CITY INVESTORS, LLC**

_____

By: _____

Its: _____

**RIVER CITY MORTGAGE HOLDINGS, LLC**

_____

By: _____

Its: _____