**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 800 SOUTH WELLS PHASE II, LLC, | ) | Case No. 13-36880 (JPC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Thursday, December 18, 2014, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Room 680 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present *Debtor's Motion for Entry of an Order Under 11 U.S.C. §§ 105(a) and 365 and Bankruptcy Rule 6006 Authorizing the Assumption and Assignment of Executory Contract*, a copy of which is hereby served upon you.

Dated: December 12, 2014

Respectfully submitted,

**800 SOUTH WELLS PHASE II, LLC**

By:   /s/ Harold D. Israel

GOLDSTEIN & MCCLINTOCK LLLP
Harley J. Goldstein, Esq.
Harold D. Israel, Esq.
Sean P. Williams, Esq.
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305

*Counsel for the Debtor and Debtor in Possession*

## **CERTIFICATE OF SERVICE**

      I, Harold D. Israel, hereby certify that on December 12, 2014, I caused a copy of ***Debtor's Motion for Entry of an Order Under 11 U.S.C. §§ 105(a) and 365 and Bankruptcy Rule 6006 Authorizing the Assumption and Assignment of Executory Contract*** to be filed via the Court's ECF system and served upon the parties registered to receive ECF notice or via Federal Express overnight mail as indicated on the attached Service List.

                                                    /s/  Harold D. Israel

## SERVICE LIST

**Via CM/ECF**

Brad Berish on behalf of Creditor River City Investors, LLC
bberish@ag-ltd.com, dbaird@ag-ltd.com

Kurt M Carlson on behalf of Creditor The Private Bank & Trust Company
kcarlson@carlsondash.com, knoonan@carlsondash.com

Harold D. Israel on behalf of Debtor 800 South Wells Phase II LLC
haroldi@restructuringshop.com, seanw@restructuringshop.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Colleen E McManus on behalf of Creditor The Private Bank & Trust Company
cmcmanus@carlsondash.com,
knoonan@carlsondash.com;kcarlson@carlsondash.com;asharp@carlsondash.com

Henry B. Merens on behalf of Creditor River City Investors, LLC
hbm@ag-ltd.com

**Via FedEx Overnight Mail**

Standard Parking Corporation
200 E. Randolph St.
Suite 7700
Chicago, IL 60601

Standard Parking Corporation
Attn: Roger Walters
200 E. Randolph St.
Suite 4375
Chicago, IL 60601

CMK Group, LLC
Attn: David O'Keefe
Schain Banks
70 W. Madison Street
Suite 5300
Chicago, IL 60602

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| 800 SOUTH WELLS PHASE II, LLC, | ) Case No. 13-36880 (JPC) |
| Debtor. | ) |
| | ) Hearing: December 18, 2014 at 9:30 a.m. |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 105(A) AND 365 AND BANKRUPTCY RULE 6006 AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**

The above-captioned debtor and debtor in possession (the "*Debtor*"), by this motion (the "*Motion*"), requests entry of an order pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "*Bankruptcy Code*") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") authorizing the assumption and assignment of the prepetition contract between the Debtor and Standard Parking Corporation ("*Standard Parking*"). In support of this Motion, the Debtor further states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On August 19, 2013 (the "*Petition Date*"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*"). The Debtor's case was previously jointly administered with the chapter 11 cases of Lake Dearborn, LLC; Dearborn Residential, LLC; Dearborn Retail, LLC; DR Dearborn Investment, LLC; La Salle Commercial,

LLC; and Invsco Employee Services, Inc. (the "*Former Debtors*") under Case No. 13-36813 (JPC) (the "*Lake Dearborn Docket*").

4. On June 3, 2014, the Former Debtors' chapter 11 cases were dismissed at their request [Lake Dearborn Docket No. 200].

5. On June 10, 2014, the Court entered an order terminating joint administration based upon the dismissal of the Former Debtors' chapter 11 cases [Lake Dearborn Docket No. 205]. The Debtor is the only remaining entity in bankruptcy.

6. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtor's Chapter 11 Case.

8. Pursuant to the *Agreed Order (i) (a) Establishing Bidding Procedures in Connection with Sale of Certain Real Property of the Debtor, (b) Approving the Form and Manner of Notices, (c) Setting a Final Hearing, (d) Approving Compromise with River City Investors, LLC, and (e) Granting Related Relief* entered by the Court on November 5, 2014 [Docket No. 43], the Debtor held an auction whereby CMK Group, LLC, or its designee ("*CMK*") had the highest and best bid of $7.75 million. On December 4, 2014, the *Order (a) Approving the Sale to the purchaser or the Highest or Best Offer at Auction, Free and Clear of Liens, Claims, Liabilities, and Encumbrances and (b) Granting Related Relief* [Docket No. 49] was entered, approving the sale (the "*Sale*") to CMK. CMK is expected close on the proposed transaction by December 19, 2014.

9. The Debtor's primary asset consists of an outdoor parking lot (the "*Parking Lot*") at 800 South Wells, Chicago, Illinois (the "*Property*"). The Parking Lot is being managed and

2

operated by Standard Parking pursuant to that certain Management Agreement dated January 1, 2002 by and between the Debtor and Standard Parking (as amended, the "*Contract*").  CMK intends to continue performing under the Contract.

10. The Debtor does not owe Standard Parking anything on account of the Contract. Further, the Debtor believes that Standard Parking is in agreement with and will consent to the relief sought by this Motion.

### Relief Requested

11. By this Motion, the Debtor requests entry of an order authorizing the assumption of the Contract and the assignment of the Contract to CMK.

### Basis for Relief

12. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract… of the debtor." 11 U.S.C. § 365(a). The standard governing bankruptcy court approval of a debtor's decision to assume or reject an executory contract is whether the debtor's reasonable business judgment supports assumption or rejection. *See, e.g., In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990). If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F. 2d 36, 39-40 (3d Cir. 1989). Courts typically approve the assumption of an executory contract if such assumption will benefit the estate. *Matter of Midway Airlines, Inc.*, 6 F.3d 492, 494 (7th Cir. 1993) ("Section 365 thus advances one of the Code's central purposes, the maximization of the value of the bankruptcy estate for the benefit of creditors"); *see also In re Edison Mission Energy*, No. 12-49219, 2013 WL 5220139, at *4 (Bankr. N.D. Ill. Sept. 16,

3

2013).  In this case, as the Debtor has already entered into a purchase agreement for the sale of the Property, the Contract will no longer benefit the Debtor, however, CMK has informed the Debtor that it would like the Debtor to assume and assign the Contract to CMK.

13. Pursuant to section 365(b)(1) of the Bankruptcy Code, for a debtor to assume an executory contract, it must "cure, or provide adequate assurance that the debtor will promptly cure," any default, including compensation for any "actual pecuniary loss" relating to such default.  11 U.S.C. § 365(b)(1).  In this case, a cure is not necessary because Standard Parking collects, and remits to the Debtor, all net revenue under the Contract.  As of the date hereof, such net revenue exceeds Standard Parking's expenses.  Thus, a net amount is owed to the Debtor.

14. Section 365(f)(2) of the Bankruptcy Code provides that "(A) the trustee may assign an executory contract…only if the trustee assumes such contract…and (B) adequate assurance of future performance is provided." 11 U.S.C. § 365(f)(2).  The Debtor intends to assume the Contract in accordance with section 365(f)(2)(A) and it is not necessary for the Court to consider section 365(f)(2)(B), as "adequate assurance is applicable only in the event that the debtor is in default under the contract it is seeking to assume."  *In re UAL Corp.*, 293 B.R. 183, 190 (Bankr. N.D. Ill. 2003) *aff'd,* No. 02-B-48191, 2003 WL 22955997 (N.D. Ill. Dec. 12, 2003) *aff'd sub nom. In re United Airlines, Inc.*, 368 F.3d 720 (7th Cir. 2004).

15. The Debtor further requests, upon the assumption and assignment to CMK, that Standard Parking be barred from asserting any assignment fee, default, claim, loss, or other obligation related to the Contract.  In addition, the Debtor requests a finding that any anti-assignment provision in the Contract is unenforceable and void.

4

16. The Debtor respectfully submits that this Motion and notice thereof is reasonably tailored to provide Standard Parking with adequate notice of the proposed assumption and assignment of the Contract. The assignment and assumption will be effective upon the closing of the Sale.

### Waiver of Bankruptcy Rule 6006

17. Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease … is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtor and CMK anticipate closing the sale of the Property shortly, and in order to avoid any delay in such closing, the Debtors request that an order granting this Motion be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6006(d) is waived.

### Notice

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Northern District of Illinois; (ii) Standard Parking; (iii) CMK; and (iv) all parties that have filed an appearance in this case and requested service via the Court's ECF system.

*[Remainder of Page Intentionally Left Blank]*

5

**WHEREFORE**, the Debtor requests entry of an order: (i) authorizing the Debtor to assume the Contract between itself and Standard Parking and for it to assign the Contract to CMK upon closing of the Sale and (ii) such other and further relief as appropriate.

Dated:  December 12, 2014          Respectfully submitted,

**800 SOUTH WELLS PHASE II, LLC**

By:     /s/ Harold D. Israel

**GOLDSTEIN & MCCLINTOCK LLLP**
Harley J. Goldstein, Esq.
Harold D. Israel, Esq.
Sean P. Williams, Esq.
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: (312) 337-7700
Facsimile: (312) 277-2305
e-mail: haroldi@goldmclaw.com

*Counsel for the Debtor and Debtor in Possession*