UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 800 SOUTH WELLS PHASE II, LLC, | ) | Case No. 13-36880 (JPC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT

Upon consideration of the motion (the "*Motion*")[1] of the above-captioned debtor and debtor in possession (the "*Debtor*"), for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Bankruptcy Rule 6006 authorizing the assumption and assignment of the executory contract between Debtor and Standard Parking; it appearing that the Court has jurisdiction over this matter; it appearing that venue of the Debtor's chapter 11 case and the Motion is proper; and the Court finding that the relief requested in the Motion with respect to the assumption and assignment of the Contract is in the best interests of the Debtor, its estate, and its creditors; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and after due deliberation and consideration and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that as of the entry of this order, the Debtor is authorized to assume and assign the Contract to CMK, effective upon the closing of the Sale; and it is further

ORDERED that the Debtor is not in default and is not required to cure this Contract prior to assuming and assigning it to CMK, or its designee; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as provided in the Motion.

ORDERED that Standard Parking is forever barred and enjoined from asserting any monetary claim against the Debtor or CMK related to the Contract. With respect to the Contract assigned to CMK as authorized in this order, any provision in the Contract that prohibits or conditions the assignment of such Contract or allows a party to such Contract to terminate, recapture, impose any penalty, or modify any term on the assignment of such Contract constitutes an unenforceable anti-assignment provision and is void; and it is further

ORDERED that CMK, the Debtor, and Standard Parking are authorized and directed to enter into any agreement or take any action reasonably necessary or appropriate to consummate the assumption and assignment of the Contract and the payment, if any, of any cure amount, and otherwise effect and implement the provisions of this order; and it is further

ORDERED that notwithstanding anything to the contrary in the Contract, the Contract is terminable upon thirty days' notice, effective only as of the last day of the following calendar month; and it is further

ORDERED that the stay of this order under Bankruptcy Rule 6006(d) is waived and this order is effective and enforceable immediately upon the closing of the Sale; and it is further

ORDERED that this Court retains jurisdiction to enforce and implement the terms and provisions of this order and any agreements or instruments executed in connection with this order, including without limitation, jurisdiction to resolve any disputes arising under or related to this order and to interpret, implement, and enforce this order's provisions.

Dated: __Dec. 18__, 2014     _____J. Cox_____
UNITED STATES BANKRUPTCY JUDGE